# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRENDA WILMORE, | ) |
|        Plaintiff, | ) |
| vs. | ) Case No.: |
| SAVVAS LEARNING COMPANY LLC | ) |
|        Defendant. | ) |

## COMPLAINT

Plaintiff complains against Defendant as follows:

## I. THE PARTIES.

1. Plaintiff is a citizen of the United States and resident of Baldwin City, Douglas County, Kansas.

2. Defendant SAVVAS LEARNING COMPANY LLC (hereafter "SAVVAS") is, and was at all times relevant herein, a business duly organized to do business within the State of Kansas and is identified by Kansas Corporation ID #5264510.

## II. JURISDICTION AND VENUE.

3. The jurisdiction of the Federal Court is invoked because the claims of the Plaintiff arise under the statutes and laws of the United States, namely the Age Discrimination in Employment Act (hereinafter "ADEA") and Title VII of the Civil Rights Act of 1964, 42 USC 2000e.

1

4.      Venue in the United States District Court for the District of Kansas is proper because Kansas is where the claims arose, and where SAVVAS is doing business.

### III.     FACTUAL ALLEGATIONS.

5.      Pearson Education LLC (hereafter "PEARSON") operated a large scale business of selling textbooks to educational institutions across the United States, and thereafter servicing the many educational accounts for new and repeat textbook orders.

6.      PEARSON employees involved in the selling and servicing of accounts regularly interacted with and made presentations to school management and staff located at the educational institutions.

7.      As with many typical account sales' positions, customer complaints were commonplace, and considered by PEARSON management and representatives to be a regular part of the business of selling to and thereafter servicing accounts.

8.      Plaintiff was hired by PEARSON in 1999 as an Educational Consultant.

9.      Plaintiff provided exemplary service in the role of Educational Consultant for PEARSON until she became a Lead Math Specialist in 2005, supporting 12 midwestern states.

10.     After providing exemplary service as a Lead Math Specialist, in 2011 Plaintiff applied for and was hired as PEARSON's Sales Manager for the State of Kansas.

2

11. In 2013, Plaintiff became PEARSON's Midwest Regional Math Specialist.

12. One year later (in 2014), Plaintiff was again assigned as PEARSON's Sales Manager for the State of Kansas.

13. In 2017, SAVVAS acquired PEARSON and, thus, Plaintiff became an employee of SAVVAS and continued in the role of Sales Manager for the State of Kansas.

14. As had been the case with PEARSON, customer complaints were commonplace, and considered by SAVVAS management and representatives to be a regular part of the business of selling to and thereafter servicing accounts.

15. PEARSON and SAVVAS have a history of treating older female employees inferior to similarly situated young females.

16. PEARSON and SAVVAS have a history of treating older female employees inferior to similarly situated male employees (young and older).

17. Despite having provided exemplary service to PEARSON, and then SAVVAS, for a collective period of over 20 years, SAVVAS, upon information and belief, determined Plaintiff was too old for the Kansas Sales Manager position.

18. SAVVAS believed a younger male representative would be a better fit and image for the territory being serviced by Plaintiff.

19. SAVVAS decided to replace Plaintiff with a much younger male representative (19 years younger than Plaintiff) who was already working for the company in Missouri.

20. To accomplish the replacement of Plaintiff, SAVVAS pointed to concerns that arose between Plaintiff and two of the accounts she serviced.

21. The first account issue arose in August of 2018 with the Johnson County Blue Valley, Kansas School District (hereafter "ISSUE 1").

22. ISSUE 1 involved the Blue Valley School District having a new Curriculum Director in place (who was not involved in the original quote by SAVVAS a year earlier), her erroneously believing the District had been quoted for a 6-year subscription and then being extremely upset when she learned the subscription was only for one year.

23. Plaintiff's supervisor Mica Lester (hereafter "Lester") was fully aware of ISSUE 1, and he never counseled or criticized Plaintiff for the situation (in fact, he never even mentioned the issue to Plaintiff) because he knew it was not Plaintiff's fault, just misinformation on the part of Blue Valley.

24. It was only later that Plaintiff found out about ISSUE 1 when she received an email from Blue Valley telling her they were now working with Lester on their account.

25. When Plaintiff then went and talked to Lester about ISSUE 1 (which was a full year after Lester was notified of ISSUE 1), he told her not to worry about it as he was taking care of the account and they were not expected to place any orders in the near future.

26. ISSUE 2 involved the Derby School District and was prompted by two concerns:

4

    a. The Derby Superintendent purchased a large order from SAVVAS without first consulting her staff, and then she left her position. When the staff later found out about the purchase, they became upset because they did not have funds to purchase additional materials the following year; and

    b. A "double-ship" of textbooks occurred, and it was exclusively the fault of the SAVVAS shipping department. Trying to rectify the issue admittedly was frustrating for everyone involved.

27. When Plaintiff discussed ISSUE 2 with Lester, he told her he had indicated to Derby that Plaintiff was still their representative but that he would be helping out with the account.

28. Before May 5, 2021, Plaintiff received no directive from Lester (nor anyone else) that she was not to contact the Derby School District.

29. On or about May 3, 2021, Plaintiff emailed Derby to check in and inquire whether they needed anything from her.

30. On May 5, 2021, Lester sent the following email to Plaintiff:

> Wanted to remind you that [Derby] has asked for someone else to cover their account for the time being. So, I have been helping them out since our conversation with them a few weeks back, please hold off on contacting them at this time.

(brackets added).

31. Following the above email, Plaintiff had no further communication with the Derby School District.

32. Despite having no further communication, SAVVAS falsely claimed Plaintiff sent Derby an email dated May 18, 2021, and claimed Plaintiff's disobedience of Lester (i.e., "insubordination") was the basis for her being fired on May 18, 2021.

33. Upon information and belief, SAVVAS and Lester decided to put the younger male employee in Plaintiff's position long before there was any claimed insubordination by Plaintiff.

34. As further indication of pretext (as to SAVVAS's claim of Plaintiff's poor performance and customer complaint issues), SAVVAS recognized Plaintiff with the "Pinnacle Award" in 2019 for reaching the highest revenue over goal which, in Plaintiff's case, was 201.19% over her goal.

35. As further indication of pretext (as to SAVVAS's claim of Plaintiff's poor performance and customer complaint issues), Plaintiff was given a formal performance evaluation in March of 2020 and nothing was said about account issues, Plaintiff was given a ranking of 4 out of 5, and told she was doing exemplary work as part of the evaluation.

36. As further indication of pretext (as to SAVVAS's claim of Plaintiff's poor performance and customer complaint issues), the younger male employee who replaced Plaintiff had numerous customer complaints leveled against him, including being barred from servicing at least two accounts (based on demands by the customers).

37. SAVVAS and Lester knew Plaintiff did not send an email to Derby on May 18, 2021, but they nonetheless proceeded with firing her as they knew disclosing the real reason would reveal Plaintiff was replaced because of her age and gender.

38. Several months after SAVVAS became aware of Plaintiff's legal claim, Plaintiff's replacement decided he no longer wanted to be the Sales Manager for the State of Kansas, so he moved back into his position covering Missouri.

39. In August of 2021, Plaintiff's legal counsel sent a representation letter to SAVVAS indicating he would be representing Plaintiff on claims of age and gender discrimination.

40. In September of 2021, SAVVAS attorney Debi F. Debiak (hereafter "Debiak) responded to the representation letter and, therein, indicated Plaintiff was fired for reaching out to the Derby School District after being told not to by Lester in a May 5, 2021 email.

41. Nothing in Debiak's September 2021 letter claimed that Plaintiff (in connection with the Blue Valley School District) had ignored Lester's direction not to contact the account.

42. On September 27, 2021, Plaintiff filed a Charge of Discrimination claiming SAVVAS discriminated against her based on her gender and age.

43. In November of 2021, SAVVAS filled the Kansas Sales Manager position with a 63-year old female.

44. The 63-year old female was hired and worked under the same SAVVAS management employees who had hired and managed her years earlier, and they previously fired her for poor performance.

45. Given her previous role as Superintendent of the Derby School District, the 63-year old female was precluded from servicing Derby's account on behalf of SAVVAS.

46. During Plaintiff's entire employment with PEARSON, and then SAVVAS, neither company hired any female employees over the age of 60 to be a sales' representative for any sales' territory.

47. Upon information and belief, the only reason SAVVAS filled the Kansas Sales Manager position with the 63-year old female was to be able to point to her hiring as a rebuttal to Plaintiff's discrimination claims.

48. On January 7, 2022, SAVVAS submitted its formal response to Plaintiff's Charge of Discrimination to the EEOC wherein SAVVAS (through Debiak) predictably made the following response to Plaintiff's allegation that she was replaced by a younger male employee:

> **After I was fired on May 18, 2021, I was replaced by a significantly younger male employee.**
> Denied, as set forth above, her manager Mica Lesser (male, age 44) continued to support [REDACTED NAME]. [REDACTED NAME], (male, age 40), who was reporting to another manager and covering accounts in Missouri, was reassigned to cover the Kansas accounts until [REDACTED NAME], a female who is 63 years of age and older than Willmore, was hired to be the Kansas Account Manager in November, 2021.

49. Ultimately, after less than a year of employment, SAVVAS terminated the 63-year old female, with no discipline or prior warning, and under circumstances suggesting she too was discriminated against based on her age and gender.

8

50. Plaintiff received a Right to Sue Letter issued by the EEOC and she filed the instant Complaint within 90 days of her receipt of the Letter.

51. Plaintiff has suffered lost wages, emotional distress, and reputational damages because of SAVVAS's firing of her.

### IV. PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USC 2000e.

52. For her first cause of action, Plaintiff realleges and incorporates the foregoing numbered paragraphs 1-51.

53. SAVVAS's decision terminate Plaintiff was motivated by Plaintiff's gender being female and SAVVAS's desire to replace Plaintiff with a person of male gender.

54. The Civil Rights Act of 1964, 42 USC 2000e prohibits adverse employment actions to be motivated by an employee's gender.

55. Plaintiff has suffered extreme emotional distress and economic losses from SAVVAS' gender discrimination.

56. SAVVAS's discrimination was intentional and in reckless disregard of Plaintiff's rights.

57. Plaintiff is entitled to damages for SAVVAS's discrimination, including but not limited to, emotional distress damages, lost wages and benefits, punitive damages, and a reasonable attorney's fee.

## V.     PLAINTIFF'S SECOND CAUSE OF ACTION FOR AGE DISCRIMINATION.

58.     For her second cause of action, Plaintiff realleges and incorporates the foregoing numbered paragraphs 1-57.

59.     At the time of her termination, Plaintiff was 59 years old.

60.     Plaintiff was replaced by a person significantly younger and less qualified.

61.     SAVVAS's decision to terminate Plaintiff's employment was motivated by Plaintiff's age, which termination constitutes a violation of the ADEA.

62.     For such violation of the ADEA, Plaintiff is entitled to front pay, back pay, liquidated damages, restoration of all benefits and future benefits, interest, compensatory damages, and costs and attorneys' fees.

WHEREFORE, Plaintiff prays for judgment against SAVVAS in an amount in excess of $100,000, plus punitive damages, reasonable attorney's fees, plus prejudgment and post judgment interest at the maximum rate allowed by law, and for such other and further relief as the Court deems just and equitable.

## VI.    DEMAND FOR JURY TRIAL.

Plaintiff hereby demands a trial by jury for the foregoing causes of action.

## VII.   DESIGNATION OF PLACE OF TRIAL.

Plaintiff hereby requests that the trial be held at Kansas City, Kansas.

Respectfully Submitted,

**REAVEY LAW LLC**


By:  /s/Patrick G. Reavey                  .
       Patrick G. Reavey KS# 17291
       Livestock Exchange Building
       1600 Genessee, Suite 303
       Kansas City, MO 64102
       Ph: 816.474.6300
       Fax: 816.474.6302
       Email: preavey@reaveylaw.com
       Website: www.reaveylaw.com

       ATTORNEY FOR PLAINTIFF

11