IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENDA WILLMORE,

    Plaintiff,

v.

SAVVAS LEARNING COMPANY LLC,

    Defendant.

Case No. 22-2352-TC-ADM

**MEMORANDUM AND ORDER**

On December 1, 2023, this court entered a memorandum and order nunc pro tunc granting defendant Savvas Learning Company, LLC's ("Savvas") motion for a protective order to place time limits on plaintiff Brenda Willmore's ("Willmore") deposition of Debi Debiak ("Debiak"), who is in-house counsel for Savvas. *See Willmore v. Savvas Learning Co.*, Case No. 22-2352, 2023 WL 8354886, at *1, *3-*9 (D. Kan. Dec. 1, 2023). For the reasons thoroughly explained in that order, the court allowed Willmore to depose Debiak, but placed a presumptive one-hour limit on the deposition. *Id.* That deposition proceeded via Zoom the afternoon of December 21. The court observed the entire deposition, which went well beyond one hour. By the time Savvas finally made an oral motion to terminate the deposition, the court had no difficulty granting the motion. This matter now comes before the court on Willmore's Motion to Reconsider Order Terminating the Deposition of Debi Debiak. (ECF 124.) By way of this motion, Willmore asks the court to reconsider its ruling terminating Debiak's deposition and to permit Willmore's counsel to resume Debiak's deposition for an additional hour. As explained below, this motion is denied.

A motion for reconsideration must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest

1

injustice. D. KAN. RULE 7.3. Here, Willmore argues "it is a combination of the three that warrants reconsideration of the termination of Debiak's deposition." (ECF 124, at 3.) But Willmore does not identify any intervening change in controlling law, new evidence, or the need to correct clear error or prevent manifest injustice. Instead, she generally reiterates the same arguments made in prior briefing concerning Debiak's importance as a witness and complains that the court's termination of the deposition "interferes with Plaintiff's right to fully and fairly examine Debiak and from fully and fairly developing evidence of pretext." (ECF 124, at 5.)

The most obvious flaw in Willmore's argument is that it largely ignores the exhaustive reasons the court already provided for placing a presumptive one-hour limit on Debiak's deposition. To briefly recap, Willmore already deposed the three individuals who were involved in the decision to terminate her employment. Specifically, she deposed her former manager who made the initial recommendation to terminate her employment (Mica Lesser) for more than 7 hours; the final decisionmaker (James Lippe) for more than 7 hours; and the HR representative who was involved in those discussions (Sherri Jolcover) for more than 13 hours total—both in her individual capacity and also in her capacity as Savvas's Rule 30(b)(6) representative. As a result, the court found that Willmore already had ample opportunity to conduct discovery on Savvas's reasons for terminating her employment; that it appeared Debiak probably has very little relevant, non-privileged knowledge (although the record was not entirely clear on that point); and that Debiak's deposition testimony did not appear to be crucial to the case. *See Savvas*, 2023 WL 8354886, at \*7-\*8. Willmore's motion addresses none of these considerations. "A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *See Jenny Yoo Collection, Inc. v.*

*Essence of Australia, Inc.*, No. 17-2666-JAR-GEB, 2019 WL 3453805, at *4 (D. Kan. July 31, 2019).

Moreover, the court is unpersuaded by Willmore's underdeveloped argument that she did not have a full and fair opportunity to depose Debiak. One would think that Willmore's counsel, faced with a presumptive one-hour limit on the deposition, would have gotten right to deposition questioning to explore Debiak's involvement in the events in question. But that is not how counsel chose to spend his time. A copy of the deposition transcript is attached as Exhibit A. As can be seen, he spent nearly the entire first hour of the deposition largely asking broad questions about company HR policies and guidelines; Debiak's roles as Savvas's compliance counsel, employment counsel, and affirmative action officer with the EEOC; and her interpretation of the scope of attorney-client privilege. Near the end of the first hour, he then asked her a series of questions about Willmore's Salesforce records (which is actually an issue in this lawsuit). Counsel then spent most of the rest of the time reading from documents and emails that did not involve Debiak and asking about deposition testimony from other witnesses, much of which Debiak was unfamiliar with. In the midst of that questioning, he had plenty of opportunities to ask questions about Debiak's involvement in Willmore's termination. Ultimately, it was clear that her involvement was quite limited to legal consultation based on what Lesser, Lippe, and Jolcover told her. (*See, e.g.*, Ex. A, at 58-59, 69 ("Like I said before, I never met Brenda Willmore, did not know anything about her."; "I was not involved in any conversations with her.").) Near the end, counsel was just reading from other people's documents. (*See, e.g.*, *id.* at 80-82 ("You read it correctly, yes."; "that's what it says on the May 18th email"; "I did not write this, so I don't know."; "Well, the words say what they say.").) All the while, Debiak answered counsel's questions honestly and courteously. Under these circumstances, there is nothing manifestly unjust about the

3

court granting Savvas's motion to terminate the deposition when Willmore had already had more than an hour and a half on the record with the witness, which was more than the presumptive one-hour limit the court originally set.  Willmore's counsel has already had ample time with Debiak as a witness and the court will not require her to endure more.

**IT IS THEREFORE ORDERED** that plaintiff Brenda Willmore's Motion to Reconsider Order Terminating the Deposition of Debi Debiak (ECF 124) is denied.

**IT IS SO ORDERED.**

Dated January 9, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
